ZENITH ELECTRONICS CORP., ET AL., PLAINTIFFS *v.*
UNITED STATES, DEFENDANT

Consolidated Court No. 92–01–00007

(Dated December 13, 1994)

*Frederick L. Ikenson, P.C. (Frederick L. Ikenson, Larry Hampel* and *Joseph A. Perna, V)* for plaintiff Zenith Electronics Corporation.

*Collier, Shannon, Rill & Scott (Paul D. Cullen, Jeffrey S. Beckington, Mary T. Staley* and *David C. Smith)* for plaintiffs United Electrical Workers of America, Independent; the International Brotherhood of Electrical Workers; the International Union of Electronic, Electrical, Technical, Salaried, Machine and Furniture Workers (AFL-CIO); and the Industrial Union Department (AFL-CIO).

*White & Case (William J. Clinton, Christopher Curran* and *David E. Bond)* for defendant-intervenors AOC International, Action Electronics Co., Ltd., Proton Electronic Industrial Co., Ltd. and Tatung Company.

*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Velta A. Melnbrencis* and *Michael Kane), Thomas H. Fine,* Attorney Advisor, Office of the Chief Counsel for Import Administration, United States Department of Commerce, of counsel, for defendant.

## OPINION

RESTANI, *Judge:* This matter is before the court on separate motions for judgment on the agency record challenging the determination of *Color Television Receivers, Except for Video Monitors from Taiwan,* 56 Fed. Reg. 65,218 (Dep't Comm. 1991) (fourth final admin. review) *"Final Review").*

Zenith Electronics Corporation's motion contains no arguments that would distinguish it from the issues decided in *Independent Radionic Workers of America v. United States,* Slip Op. 94–144, at 2–4 (Sept. 16, 1994) (ordering application of Commerce's new VAT methodology) or in *Zenith Elec. Corp. v. United States,* Slip op. 94–146, at 4–6 (Sept. 19, 1994) (finding challenge regarding estimated duties does not include challenge as to deduction of actual duties). Therefore, Zenith has failed to exhaust remedies as to its claim for actual antidumping duty adjustment. Accordingly, this matter is remanded for recalculation of a VAT adjustment according to Commerce's new methodology.

AOC International, Ltd. ("AOC") challenges two aspects of the Commerce Department's calculations of the cost of production ("COP") of goods for foreign market value purposes. *See* 19 U.S.C. § 1677b (1988). First, AOC claims that Commerce improperly disallowed a claimed reduction to COP for a reimbursement of expenses for research and development ("R&D") of large screen color television receivers ("CTVs")

In support of this reduction, AOC produced a one-page contract and evidence of the reimbursement payments from its home market distributor. AOC, however, could not produce documents indicating it had

actually performed the R&D in question or that AOC was reimbursed for the particular R&D claimed. For example, some of the equipment allegedly for use in the R&D was purchased before the date the contract was signed. *Final Review,* at 65,223. Also, certain R&D projects appear to have been completed by that date. *Id.* No records related the R&D expenditures to specific projects and the totals for the alleged expenditures did not match the claimed reimbursement amount. *Id.* Commerce is not required to accept AOC's accounting records establishing all or part of the reimbursement, if it finds the necessary back-up data are missing.

Second, AOC contends that Commerce improperly rejected AOC's product-specific labor rates for CTVs and used AOC's average labor rates instead. AOC did produce payroll accounting records using sub-cost centers and allegedly reflecting product-specific labor rates. *Id.* at 65,224. At verification, however, Commerce could not relate the cost center codes to the factory floor arrangement. *Id.* Furthermore, no records existed to prove the prior factory floor arrangement. *Id.* Moreover, while certain "production cards" do generally relate models to production lines, these in turn were not linked to specific cost centers. *Id.* Thus, AOC's labor cost allocation based on sub-cost centers could not be tested. *Id.* Finally, Commerce had reason to doubt the allocation and to demand strict proof because subject and non-subject product labor rates differed greatly and there was no evidence that significantly different processes were involved in the production of subject and non-subject merchandise. *Id.* Accordingly, AOC's request for remand on both counts is denied.

This action is remanded to Commerce for 45 days to allow Commerce to apply its new VAT methodology. Objections are due 10 days thereafter. Responses are due 5 days thereafter.